IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MODESTINE SMITH THORPE, individually and on behalf of all persons similarly situated, | Civil Action No.: |
| | Complaint — Class & Collective Action |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| GOLDEN AGE HOME CARE, INC., | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Modestine Smith Thorpe ("Plaintiff" or "Thorpe"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant Golden Age Home Care, Inc. ("Defendant" or "Golden Age"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

2. Plaintiff is a home health aide. Her job involves caring for the elderly and infirm in a variety of capacities, including, among other things, bathing, cooking for, feeding, dressing, and providing companionship. She regularly worked more than forty (40) hours in a week, but was not paid overtime for her work. As well, she regularly traveled between worksites, at the behest of Golden Age, but was not paid for her travel time.

3. Despite the Pennsylvania Supreme Court's clear ruling in *Bayada Nurses, Inc. v.*

*Dep't of Labor*, 607 Pa. 527 (2010), that third party home healthcare agencies must pay their home health aides overtime compensation under Pennsylvania law, and the Department of Labor's January 1, 2015 revised regulations, Golden Age failed to pay Plaintiff and Class Members overtime compensation. In addition, Golden Age fails to pay Plaintiff and Class Members for all time worked, including travel time and for all wages due.

## JURISDICTION AND VENUE

4. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District and is incorporated in this State.

## PARTIES

7. Plaintiff Modestine Smith Thorpe is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff worked for Defendant as a home health aide performing home care support and services to elderly and disabled clients in Pennsylvania from on or about February 2015 through April 2016. Plaintiff's written consent to be a Plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

8. Defendant Golden Age Home Care, Inc. ("Defendant" or "Golden Age") maintains its corporate headquarters in Feasterville, Pennsylvania and is incorporated in Pennsylvania. Golden Age is a provider of integrated healthcare services, offering home services to individuals with disabilities.

9. Golden Age employed Plaintiff and has employed and continues to employ similarly situated employees.

10. Golden Age employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

11. Golden Age's annual gross volume of sales made or business done exceeds $500,000.

## CLASS DEFINITIONS

12. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class:

> All persons who worked for Golden Age Home Care, Inc. ("Golden Age") as a home health aide between the effective date of the U.S. Department of Labor's Home Care Final Rule, 29 C.F.R. § 552.6 and the present (the "FLSA Class").

13. Plaintiff brings Counts II through IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All persons who worked with Golden Age Home Care, Inc. ("Golden Age") as a home health aide in Pennsylvania between March 17, 2013[1] and the present (the "Pennsylvania Class").

14. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

15. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim under Pennsylvania law is four (4) years. Accordingly, Count IV of the Complaint goes back to March 17, 2013.

## FACTS

16. Golden Age employs home health aides, such as Plaintiff, who perform a variety of services, including health care, medical care, medication management, feeding, bathing, and light housekeeping among other services, to elderly and disabled clients in this judicial district and throughout the northeast region of the United States.

17. Between February 2015 and April 2016, Plaintiff was employed as a home health aide with Golden Age in this Judicial District.

18. Golden Age employed Plaintiff to provide home care support to its elderly and disabled clients.

19. Plaintiff and Class Members provide domestic services in or about the private homes of Golden Age's clients.

20. Golden Age is not a householder under the meaning of 34 Pa. Code § 231.1. Instead, Plaintiff and Class Members perform work in or about a private dwelling for Golden Age in Golden Age's pursuit of a trade, occupation, profession, enterprise or vocation.

21. As a home health aide, Plaintiff assisted clients with dressing, personal care, meals preparation, light housekeeping, exercise, and reminded clients to take their medications. These activities consistently comprised of more than ninety (90%) percent of Plaintiff's total hours worked each workweek. Other Class Members performed the same or substantially similar job duties.

22. Golden Age failed to properly compensate Plaintiff and Class Members at the proper overtime rate.

23. Plaintiff was told that her hourly rate was $13.50 per hour, and was paid on an hourly basis. Accordingly, her overtime premium rate at one and one-half (1 ½) times her regular

4

rate should have been $20.25 per hour.

24.     However, instead, Golden Age paid Plaintiff at a different hourly rate of pay for each pay period. For example, Plaintiff was paid $10.50 per hour for the pay period of October 18, 2015 through October 31, 2015; $10.70 per hour for the pay period of November 1, 2015 through November 14, 2015; and $10.10 per hour for the pay period of November 15, 2015 through November 28, 2015.

25.     For example, for the pay period of November 15, 2015 through November 28, 2015, Plaintiff was paid $10.10 per hour for 40 hours, and $15.15 for all hours over 40 in a workweek. However, Plaintiff's actual hourly rate was $13.50 per hour, which should mean her overtime premium rate should have been $20.25. For the pay period of November 15, 2015 through November 28, 2015, Plaintiff was underpaid by $802.40.

|                | $10.10 Rate of Pay | $13.50 Rate of Pay | Difference |
|----------------|--------------------|--------------------|------------|
| **40 hours**       | $808.00            | $1,080.00          | **$272.00**    |
| **Overtime Hours** | $1,575.60          | $2,106.00          | **$530.40**    |
| **Total**          | $2,383.60          | $3,186.00          | **$802.40**    |

26.     Based on information and belief, Golden Age paid Class Members pursuant to a similarly unlawful pay plan.

27.     In addition, Golden Age did not pay Plaintiff and Class Members for all time worked.

28.     Plaintiff and Class Members are required to complete weekly records, which detail the tasks performed for the client, and the total hours worked.

29.     Plaintiff and Class Members regularly worked for more than one client in one day. Because the clients were cared for in their homes, Plaintiff and Class Members were required to travel between clients during regular work hours.

30. Golden Age did not pay Plaintiff and Class Members for time spent travelling between clients.

31. Plaintiff routinely worked up to seven (7) days per week and routinely worked twelve (12) hours per day or more, not including travel time. In a week, Plaintiff routinely worked eighty-eight (84) hours or more, not including travel time. Class Members routinely worked similar schedules.

32. Golden Age did not properly pay Plaintiff and the Classes overtime compensation for hours worked over forty (40) per workweek.

33. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule, extending minimum wage and overtime protections under the FLSA to home care workers like Plaintiff and Class Members, which became effective on January 1, 2015 ("Final Rule"). The Final Rule was challenged by an association of home care companies and was upheld on August 21, 2015 by the U.S. Court of Appeals for the District of Columbia. *See Home Care Ass'n of Am. v. Weil,* 799 F.3d 1084 (D.C. Cir. 2015) *pet. for cert. pending,* No. 15-683. On October 6, 2015, the Supreme Court declined to stay the effective date of the ruling. *See* U.S. Dep't. of Labor, Wage and Hour Division, "Important Information Regarding recent Home Care Litigation in the U.S. District Court of D.C.," available at https://www.dol.gov/whd/homecare/litigation.htm.

34. Golden Age has acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and Classes for hours worked, including overtime compensation, for each workweek between the effective date of the DOL's Final Rule and the present.

35. Golden Age has acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and Classes for travel time between

clients from October 13, 2015 and the present.

36. In November 2010, the Pennsylvania Supreme Court held that home health care providers did not qualify for the exemption from minimum wage and overtime requirements for domestic service employment under Pennsylvania law. *See Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 527 (2010).

37. Golden Age knowingly disregarded Pennsylvania state law by failing to properly compensate Plaintiff and Classes for hours worked, including overtime compensation, during the relevant time period.

38. Golden Age knowingly disregarded Pennsylvania state law by failing to properly compensate Plaintiff and Classes for travel time between clients while working during the relevant time period.

39. As a home health care agency, Golden Age should have been aware of the *Bayada* and *Home Care Association of America* decisions and its obligation to pay its home health aides, including Plaintiff and Class Members, overtime compensation properly when they worked over forty (40) hours in a workweek. While Golden Age paid overtime to Plaintiff and the Classes, it failed to properly calculate and pay overtime to Plaintiff and the Classes by changing the hourly rate and overtime rate each pay period.

40. Moreover, during the entire relevant time periods, Golden Age was aware that the Plaintiff and the Classes were not properly compensated under FLSA and Pennsylvania law, because they were aware that Class members traveled between multiple clients in a workday, but were not compensated for this time during the relevant time period

41. Based on information and belief, Golden Age continues in its failure to pay employees overtime compensation for hours worked over forty (40) and continues in its failure to

pay employees for their travel time between clients.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Classes as defined above.

43. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

44. Plaintiff and the FLSA Classes are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Golden Age's previously described common business and compensation practices as described herein, and, as a result of such practices, have not been compensated for travel time between clients, have not been properly paid for regular hours and overtime for hours in a workweek during the relevant time periods. Resolution of this action requires inquiry into common facts, including, *inter alia*, Golden Age's common compensation and payroll practices.

45. The similarly situated employees are known to Golden Age, are readily identifiable, and can easily be located through Golden Age's business and human resources records.

46. Golden Age employs many FLSA Classes Members. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Pennsylvania Class defined above.

48.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

49.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

50.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Pennsylvania Class members, including, without limitation: whether Golden Age has violated and continues to violate Pennsylvania law through its policy or practice of not properly paying its home health aide employees for all hours worked and overtime compensation.

51.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only

individual Class members.

53. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Golden Age's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Golden Age.

54. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Golden Age.

55. Without a class action, Golden Age will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff Thorpe and the FLSA Class)

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA requires that covered employees be compensated for all hours worked

under forty (40) hours at the regular rate at which he/she is employed. *See* 29 U.S.C. § 206.

58. The FLSA requires that covered domestic service employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he/she is employed. *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

59. The FLSA also requires that time spent by an employee in travel as part of his principle activity, such as from job site to job site during the workday must be compensated as hours worked in compliance with the FLSA as long as that travel time is not preliminary or postliminary to the employee's regular workday. *See* 29 C.F.R. § 785.38.

60. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

61. Golden Age is subject to the wage requirements of the FLSA because Golden Age is an "employer" under 29 U.S.C. § 203(d) and 29 C.F.R. § 552.109(a).

62. At all relevant times, Golden Age is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203 and 29 C.F.R. § 552.100.

63. During all relevant times, Plaintiff and the FLSA Classes are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

64. Plaintiff and the FLSA Classes are not exempt from the requirements of the FLSA.

65. From the effective date of the DOL Final Rule, Plaintiff and the FLSA Classes are entitled to be paid overtime compensation for hours worked in excess of forty (40) in a week at one and one-half times the regular rate at which he/she is employed, pursuant to 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

66. Plaintiff and the FLSA Classes are entitled to be paid for all hours worked, including travel time, pursuant to 29 U.S.C. § 206.

67. Golden Age, pursuant to its policies and practices, failed and refused to properly pay for all hours worked to Plaintiff and the FLSA Classes for travel time between clients.

68. Golden Age, pursuant to its policies and practices, failed and refused to pay overtime wages for all hours worked in excess of forty (40) in a workweek by Plaintiff and the FLSA Classes, for the for the relevant time period.

69. Golden Age knowingly failed to properly compensate Plaintiff and the FLSA Classes for hours at the regular rate at which he/she is employed, in violation of 29 U.S.C. § 206.

70. Golden Age knowingly failed to compensate Plaintiff and the FLSA Classes for hours worked for time spent travelling between clients, in violation of 29 U.S.C. § 206 and 29 C.F.R. § 785.38.

71. Golden Age knowingly failed to properly compensate Plaintiff and the FLSA Classes' overtime wages for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

72. In violating the FLSA, Golden Age acted willfully and with reckless disregard of clearly applicable FLSA provisions.

73. Pursuant to 29 U.S.C. § 216(b), employers, such as Golden Age, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf Plaintiff Thorpe and the Pennsylvania Class)**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

76. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

77. Golden Age is subject to the wage requirements of the PMWA because Golden Age is an employer under 43 P.S. § 333.103(g).

78. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

79. Golden Age is not a householder under the meaning of 34 Pa. Code § 231.1.

80. Golden Age's compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a) and (c), 34 PA. CODE §§ 231.1(b) and 43(b).

81. Golden Age failed to compensate Plaintiff and the Pennsylvania Class for all hours worked, including time spent travelling between client sites. *See* 34 PA. CODE § 231.41(b).

82. Golden Age failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly rate for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

83. Pursuant to 43 P.S. § 333.113, employers, such as Golden Age, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid

wages.

# COUNT III
## Violation of the Pennsylvania Wage Payment and Collection Law
## (On Behalf Plaintiff Thorpe and the Pennsylvania Class)

84. All previous paragraphs are incorporated as though fully set forth herein.

85. The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees. *See* 43 P.S. § 260.3.

86. Golden Age intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class, in violation of Pennsylvania Code, 43 P.S. § 260.3.

87. Golden Age is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Pennsylvania Class' wages that concern this lawsuit.

88. Golden Age does not have written authorization from any Plaintiff or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

89. Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Golden Age, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

90. Golden Age is in violation of Pennsylvania law by failing to pay Plaintiff and the Pennsylvania Class for all compensable time and by failing to pay Plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT IV
## Unjust Enrichment
## (On Behalf of the Pennsylvania Class)

91. All previous paragraphs are incorporated as though fully set forth herein.

92. Golden Age has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

93. At all relevant times hereto, Golden Age devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without properly paying compensation for all hours worked, including overtime compensation.

94. Contrary to all good faith and fair dealing, Golden Age induced Plaintiff and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law, including overtime compensation.

95. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without proper compensation as required by law, Golden Age enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Golden Age retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

96. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Golden Age.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d. Back pay damages (including unpaid wage, unpaid overtime compensation, and unpaid travel time) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: March 17, 2017

Respectfully submitted,

BERGER & MONTAGUE, P.C.

_____
Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
cfundora@bm.net

*Attorneys for Plaintiff and the Proposed Classes*