# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **MODESTINE SMITH THORPE,** | : | **Civil Action No.:  2:17-cv-01187-TR** |
| **individually and on behalf of all persons** | : | |
| **similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GOLDEN AGE HOME CARE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**SETTLEMENT AGREEMENT AND RELEASE**

1.     This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Modestine Smith Thorpe ("Plaintiff"), individually and on behalf of all other similarly-situated persons, and Defendant Golden Age Home Care, Inc. ("Golden Age" or "Defendant"), subject to the approval of the Court. Plaintiff and Defendant may be referred to collectively as the "Parties."

**RECITALS**

2.     Plaintiff filed her initial Class and Collective Action Complaint on March 17, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201*, et seq.* ("FLSA"), and Pennsylvania state law. (ECF No. 1.)   On May 24, 2017, the Defendant filed its Answer. (ECF No. 11.) On June 9, 2017, the Court referred the matter to U.S. Magistrate Timothy R. Rice for a settlement conference.  (ECF No. 13.)

3.     On September 13, 2017, the Parties participated in a settlement conference before Magistrate Rice.  Prior to the settlement conference, Defendant provided Plaintiff with payroll records and timesheets, which Plaintiff's Counsel reviewed and analyzed.  The Parties did not reach a settlement at the September 13, 2017 settlement conference.  They continued arms' length settlement negotiations, including additional in person settlement conferences before Judge Rice on October 30, 2017, November 16, 2017, and February 20, 2018.

4.     As a result of the settlement conferences and continued arm's-length settlement negotiations, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

5.     Plaintiff's Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Complaint.  In agreeing to this Settlement Agreement, Plaintiff has considered:  (a) the facts developed during the Parties' settlement process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome

of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement.  Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiff and the Settlement Class (as defined below) to settle their claims against Defendant pursuant to the terms set forth herein.

6.     Defendant denies the allegations in the Complaint and denies that it has any liability for failing to pay overtime, travel time or other sums to its employees as alleged in the Complaint. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault, liability or wrongdoing.

7.     The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Settlement becomes effective.

8.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met.  Should this Settlement not become final, such stipulation to class certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

9.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiff's and the Settlement Class Members' claims as described herein against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

10.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

    a.     "Action" means the above captioned Action.

    b.     "CAFA Notice" means the notice to be sent by Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) business days after the submission of this Settlement Agreement to the Court.  A copy of any CAFA Notice shall be provided to Class Counsel.

    c.     "Class Counsel" means Berger & Montague, P.C.

d.      "Court" means the United States District Court for the Eastern District of Pennsylvania.

e.      "Defendant" means Golden Age Home Care, Inc.

f.      "Defendant's Counsel" means Tinovsky Law Firm, P.C.

g.      "Eligible Class Member" means all Settlement Class Members who do not timely opt out of the Settlement Class.

h.      "Effective Date" means the first business day after the Court's Final Approval Order if there are no objectors, and if there are any objectors, means the first business day after the Court's Final Approval Order is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty days from Final Approval as that term is defined below).

i.      "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Plaintiff and the Settlement Class in the Action.

j.      "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

k.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

l.      "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims by Plaintiff and the Settlement Class (including all claims for Plaintiffs' attorneys' fees, costs, and interest), which is the gross sum of Seven Hundred Twenty-Five Thousand Dollars ($725,000.00), excluding the employers' share of FICA and FUTA payroll taxes.  In no event shall the Gross Settlement Amount exceed this sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

m.      "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $7,500 to Plaintiff Thorpe for her efforts in bringing and prosecuting this matter and moreover, in exchange for her additional Released Claims executed in favor of Defendant as set forth in this Settlement Agreement including in Paragraph 12(a) below; (ii) the payment of attorneys' fees to Class Counsel, not to exceed one-third of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Class Counsel, which currently are approximately $1,200 and (iii) the Settlement Administrator's costs related to administering this Settlement, not to exceed $22,500. The Parties acknowledge that all of these amounts are subject to the Court's approval.

n.      "Notice Deadline" means the date sixty (60) days after the Settlement Notice is initially mailed by the Settlement Administrator to the Settlement Class.  Settlement Class Members shall have until the Notice Deadline to object to or opt out of the Settlement.

3

o.      "Parties" means Plaintiff and Defendant.

p.      "Plaintiff" means Modestine Smith Thorpe.

q.      "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

r.      "Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, travel time compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, Pennsylvania wage and hour laws, or Pennsylvania common law claims (including unjust enrichment or *quantum meruit*) from March 17, 2014 to April 1, 2017.   The Parties acknowledge that Settlement Class Members shall only release their FLSA claims against Releasees if they cash their Settlement Checks.

s.      "Releasees" means Defendant and its past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

t.      "Settlement Administrator" means a third party administration company, Angeion Group.

u.      "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

v.      "Settlement Class" or "Settlement Class Member" means Plaintiff and all persons who worked for Defendant as a Home Health Aide in Pennsylvania and where the records indicated that the employee worked more than forty hours in one or more workweeks between March 17, 2014 and April 1, 2017, unless removed from the Settlement Class by timely opting out of the Settlement. There are approximately 323 Settlement Class Members.

w.      "Settlement Notice" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto (including any translation thereof to Spanish, Chinese and Vietnamese) or as approved by the Court.

## RELEASES

11.     **Release**.  In consideration of the benefits to be received by Plaintiff and the Settlement Class under this Settlement, upon the Effective Date:

a.      Plaintiff Thorpe shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released

4

Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date of execution of this Agreement.

       b.    Each Settlement Class Member shall be deemed to have released and discharged the Releasees from the Released Claims upon the Effective Date.  Only Settlement Class Members who cash their Settlement Award shall release their FLSA claims against Releasees.

       c.    **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each settlement check:

> By signing or cashing this check, I affirm my release of Golden Age Home Care, Inc. and all Releasees of all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in Plaintiff's Complaint (ECF. No. 1) based on the facts alleged for alleged unpaid wages, overtime compensation, travel time compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Federal and Pennsylvania wage and hour laws, or Pennsylvania common law claims (including unjust enrichment or quantum meruit) from March 17, 2014 to April 1, 2017 in weeks when the individual worked for Defendant as a Home Health Aide.   I affirm that I will not sue or assert any of the Released Claims against any Releasee.

Pursuant to section 11(b) above, each Settlement Class Member shall be deemed to have released and discharged the Releasees from the Released Claims whether or not they endorse or cash a settlement check.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

    12.    The Parties agree to the following procedures for obtaining preliminary approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

       a.    **Request for Class Certification and Preliminary Approval Order**.  By approximately May 31, 2018, Plaintiff shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement, preliminarily certify the Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3), and set a date for the Final Approval Hearing.

b.    **Notice**.  The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to all Settlement Class Members.  The Settlement Notice will be in English, Spanish, Chinese and Vietnamese.

c.    Within ten (10) business days after the Court's preliminary approval of the Settlement, Defendant shall provide Class Counsel with an electronic database containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), and last four digits of social security numbers for Settlement Class Members.

d.    In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice, will take reasonable efforts to identify current addresses via public and proprietary systems.

e.    Within five (5) business days after receiving the contact information for the Settlement Class, the Settlement Administrator shall mail and email (if email addresses are available) an agreed upon and Court approved Settlement Notice. Class Counsel shall provide notice to Defendant's Counsel that the Settlement Notices have been mailed.

f.    Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail.  If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found addresses.

g.    Defendant may communicate about the settlement with its current employees who are Settlement Class Members for the exclusive purpose of encouraging them to participate in the Settlement, consistent with the terms and provisions of this Settlement Agreement. Defendant will not take any adverse action against any current employee because he/she is eligible to participate or does participate in the Settlement.

13.    **Objections.**  The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, mail to Class Counsel and Defendant's counsel a written statement objecting to the Settlement.  Such objection shall not be valid unless it includes the information specified in the Settlement Notice.  The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing.  No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendants' Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement.  The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.  Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to its fairness, reasonableness and adequacy, and shall be

foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person or entity on their behalf, shall seek to solicit or otherwise encourage anyone to object to or opt out of the Settlement, or appeal from any order of the Court that is consistent with the terms of the Settlement, or discourage participation in the Settlement claims process.

14.     **Requests for Exclusion.**  The Settlement Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement ("opt out") must mail to Class Counsel or the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement.  The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, and email address (if applicable), and must be signed individually by the Class Member.  No opt-out request may be made on behalf of a group.  Such written statement must be postmarked by the Notice Deadline.

15.     **Report by the Class Counsel**.  Within five (5) business days after the Notice Deadline, Class Counsel or the Settlement Administrator shall provide Defendant's Counsel with notice of the total number of Settlement Class Members who filed timely requests for exclusion from or objections to the Settlement, along with the complete copies of all requests for exclusion, including their postmark dates.

16.     **Final Approval Hearing.**  Plaintiff shall request that the Court schedule the Final Approval Hearing to determine final approval of the settlement and to enter a Final Approval Order:

    a.     certifying this Action as a collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3);

    b.     finally approving the Settlement and its terms as a fair, reasonable and adequate settlement of this Action;

    c.     directing that the settlement funds be distributed in accordance with the terms of this Settlement Agreement;

    d.     directing that the Action be dismissed with prejudice and in full and final discharge of any and all Released Claims; and

    f.     retaining continuing jurisdiction over this Action for purposes of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

17.     **Gross Settlement Amount**. Subject to the Court's Final Approval Order and Section 29 hereof:

    a.     **Deposit**.  Defendant shall deposit by wire the Gross Settlement Amount to the Settlement Administrator within sixty (60) days of the execution date of this Settlement Agreement for distribution subject to and conditioned upon the Court's Final Approval Order or to Defendant pursuant to Section 29 if such is not issued.

(i)      Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1.   The Settlement Administrator shall provide Defendant with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds.   Defendant shall execute and return this document to the Settlement Administrator, which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.   There shall be no reversion of any portion of the Gross Settlement Amount to Defendant at any time.

b.      **Disbursement by Settlement Administrator**.   All disbursements shall be made from the fund administered by the Settlement Administrator.   The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the fund.

c.      **Interest**.   The interest on the funds deposited by Defendant will inure to the benefit of the Settlement Class.

18.   **Payments**.   Subject to the Court's Final Approval Order and Section 29 hereof, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.      **Service Awards and Payment for General Release to Plaintiff**.   Subject to the Court's approval, Plaintiff Thorpe shall receive Seven Thousand Five Hundred Dollars ($7,500.00) for her efforts in bringing and prosecuting this matter, and in consideration of her general release set forth above.   The Settlement Administrator shall issue a Form 1099 for this payment.   This payment shall be made within three (3) business days after the Effective Date.

b.      **Attorneys' Fees and Costs**.

(i)      Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to one-third (1/3) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action.   In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court.   Payment of attorneys' fees and costs shall be made within three (3) business days after the Effective Date or after Defendant remits the Final Payment, whichever is later.

(ii)      The attorneys' fees and costs paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiff and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Settlement Class Member.

(iii)     A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

(iv)     None of the Releases as defined in paragraphs 10(s) and (t) and described in paragraph 11 shall be effective until Defendant pays the entirety of the Gross Settlement Amount to the Settlement Administrator in accordance with this Agreement.

c.     **Settlement Administration Costs**.  Settlement Administration costs are estimated not to exceed $22,500 and shall be paid from the Gross Settlement Amount.  A copy of the Settlement Administrator's invoice shall be provided to the Court with Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d.     **Settlement Awards to Eligible Class Members.**  Settlement Awards shall be made to Eligible Class Members as set forth below.

19.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.**  No person shall have any claim against Defendant, Class Counsel, Defendant's Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

20.     **Settlement Award Eligibility**.  All Eligible Class Members shall be mailed a Settlement Award from the Net Settlement Amount.  Class Counsel shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following formula:

a.     The amount of $150 per Eligible Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Eligible Class Members so that each Eligible Class Member receives at least $150 in exchange for their release in this Settlement Agreement.

b.     Class Counsel will calculate an award for each Eligible Class Member from the Net Settlement Amount based on the total potential damages for the respective Settlement Class Member when he/she worked for Defendant as a Home Health Aide and where the records indicated that the employee worked more than forty hours in one or more workweeks between March 17, 2014 and April 1, 2017.

c.     Each Settlement Class Members' total potential damages will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share percentage figure.  The respective Eligible Class Member's total potential damages will be multiplied by the share percentage figure and added to the $150 allocation in paragraph 21(a) to determine the Eligible Class Member's Settlement Award.

d.      All Settlement Award determinations shall be based on Defendant's previously produced payroll and timekeeping data for Settlement Class Members.

21.    Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendant shall pay the employer's share of all required FICA and FUTA taxes on such amounts.  Defendant shall not be responsible or liable for any other taxes.   The Settlement Administrator shall calculate the employer share of taxes and provide Defendant with the total employer tax contributions at least ten (10) business days before the Settlement Awards are mailed. Defendant shall deposit the calculated employer tax contributions with the Settlement Administrator two business days prior to the mailing of the Settlement Awards to Eligible Class Members.  The Settlement Administrator will establish a separate Employer Identification Number ("EIN") for tax purposes to facilitate the processing and payment of the Settlement Awards.  The Settlement Administrator agrees that it will be solely responsible for the processing and payment of the employer share of taxes, and it agrees to indemnify Defendant for any liability to any government agency or tax authority for the incorrect calculation and/or payment of such taxes.  Amounts withheld will be remitted by the Settlement Administrator to the appropriate governmental authorities.  The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.  Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

22.    Class Counsel and Defendant's Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Eligible Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

23.    Class Counsel shall provide Defendant's Counsel and the Settlement Administrator with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards are mailed.

24.    The Settlement Administrator shall mail settlement checks within thirty (30) days after the Final Approval Order, or as soon as reasonably practicable.  The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties within five (5) business days after the mailing of the settlement awards.

25.    All Settlement Award checks shall remain valid and negotiable for one (1) year from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.   All funds from checks not cashed will revert to the settlement administration fund.  The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within one (1) year or it will be cancelled; a sample letter is attached hereto as Exhibit B. If a check is lost, stolen, damaged, destroyed or

becomes stale (e.g. a bank refuses to honor it), then the Class Member or any of the Parties on its behalf may request that the Settlement Administrator reissue a check to such Class Member, and such Class Member shall have an additional ninety (90) days to cash the reissued check. Following the expiration date, the Settlement Administrator will send copies of the front and backs of all cashed settlement checks to counsel for both Parties.

26.    **Remaining Monies**.  If at the conclusion of the check void periods set forth in Section 25 above, there are any monies remaining in the settlement administration fund, those monies shall be paid to the Parties' agreed-upon *cy pres* recipient, Nationalities Service Center, subject to the Court's approval in the Final Approval Order.

## MISCELLANEOUS

27.    **No Admission of Liability.**  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing.

28.    **Defendant's Legal Fees.**  Defendant's legal fees and expenses in this Action shall be borne by Defendant.

29.    **Nullification of the Settlement Agreement.**  In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days.  If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation, and that the entire Gross Settlement Amount and all interest accrued thereon (if any) shall be refunded and returned to the Defendant by the Settlement Administrator within five (5) days of Defendant's demand.

30.    **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

31.    **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

32.     **Interim Stay of Proceedings.**   The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

33.     **Amendment or Modification.**   This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.   This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

34.     **Entire Settlement Agreement.**   This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.   Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.   No rights hereunder may be waived except in writing.

35.     **Authorization to Enter Into Settlement Agreement.**   Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.   The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.   In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of U.S. Magistrate Timothy R. Rice to resolve such disagreement.

36.     **Binding on Successors and Assigns.**   This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendant, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.   The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

37.     **Counterparts.**   This Agreement may be executed in one or more counterparts, including by facsimile or email.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

38.     **No Signature Required by Eligible Class Members.**   Only the Plaintiff will be required to execute this Settlement Agreement.   The Settlement Notice will advise all Settlement

12

Class Members of the binding nature of the release.

39.     **Cooperation and Drafting.**   The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.   The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

40.     **Governing Law.**  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

41.     **Jurisdiction of the Court.**   The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

*[Signature Page to Follow]*

DocuSign Envelope ID: A783B4B1-AE42-42B5-8605-92C047F7FA13

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____   Date: 5/15/2018
Modestine Smith Thorpe

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____   Date: 5/17/18
Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

**DEFENDANT:** _____   Date: _____
Golden Age Home Health Care, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____   Date: _____
Vlad Tinovsky
TINOVSKY LAW FIRM
Five Neshaminy Interplex
Suite 205
Trevose, PA 19053

14

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**          _____          Date: _____
                        Modestine Smith Thorpe

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                        _____          Date: _____
                        Shanon J. Carson
                        Sarah R. Schalman-Bergen
                        Camille Fundora
                        BERGER & MONTAGUE, P.C.
                        1622 Locust Street
                        Philadelphia, PA 19103

**DEFENDANT:**          _____          Date: 5/25/18
                        Golden Age Home Health Care, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

                        _____          Date: 5/25/18
                        Vlad Tinovsky
                        TINOVSKY LAW FIRM
                        Five Neshaminy Interplex, Suite 205
                        Trevose, PA 19053

14

# **<u>EXHIBIT A</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MODESTINE SMITH THORPE, | : | CASE NO.: 2:16-CV-02602-TR |
| individually and on behalf of all persons | : | |
| similarly situated, | : | |
|  | : | |
| **Plaintiff,** | : | |
|  | : | |
| v. | : | |
|  | : | |
| GOLDEN AGE HOME CARE, INC. | : | |
|  | : | |
| **Defendant.** | : | |
|  | : | |

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

TO:   [Class Member Name]
   [Address]
   [Address]
   [Last Four Digits of Social Security No.]

## PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because the records of Golden Age Home Care, Inc. ("Defendant" or "Golden Age") show that you worked for Golden Age as a home health aide and the records indicated that you worked more than forty hours in one or more workweeks between March 17, 2014 and April 1, 2017.  Because you fit this definition, **you may be entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to Class Counsel, Sarah R. Schalman-Bergen or Camille Fundora of Berger & Montague, P.C., 1622 Locust Street Philadelphia, PA 19103, Telephone: (215) 875-3033, Email: cfundora@bm.net.

| 1. | **Why Should You Read This Notice?** |
|---|---|

This Notice explains your right to receive a monetary payment, exclude yourself ("opt out") of the Settlement, or object to the Settlement.  The United States District Court for the Eastern District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Approval Hearing on August 30, 2018 at 9:30 a.m., before the Honorable Timothy R. Rice in Courtroom 3-G, 601 Market Street, Philadelphia, PA 19106.

| 2. | **What Is This Case About?  Description of the Lawsuit.** |
|---|---|

This lawsuit alleges that, on occasion, some home health aides employed by Golden Age were not paid an overtime premium when they worked forty or more hours per week and others were not paid for their travel time in between client locations.  Golden Age denies any wrongdoing and any and all liability and damages to anyone.

On _____ __, 2018, the Court preliminarily approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

| **3.** | **How Much Can I Expect To Receive?** |
|---|---|

Golden Age has agreed to pay Seven Hundred Twenty-Five Thousand Dollars ($725,000.00) to settle this Lawsuit.  Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below), settlement administration costs not to exceed $22,500, and a service award in the amount of $7,500 to Named Plaintiff Modestine Smith Thorpe for her service to the Settlement Class.  The remaining amount will be divided among Settlement Class Members who do not exclude themselves by opting out of the Settlement ("Eligible Class Members").  **If the Court grants final approval to this lawsuit, you will automatically receive a settlement check in the mail unless you exclude yourself from the settlement.**

Your damages have been calculated based on Golden Age's records. If you do not exclude yourself, and the Court grants final approval to the Settlement, you will receive a check representing your *pro rata* portion of damages for overtime owed between March 17, 2014 and April 1, 2017.  You will receive a minimum award of $150.  You may contact Class Counsel with any questions about your Settlement award.

The Settlement Administrator will deduct any applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

You will have one (1) year to cash your check. If your check was lost, stolen, destroyed or becomes stale, you should contact the Settlement Administrator and counsel for the Parties in order to have a check reissued to you, and you will have an additional 90 days to cash such reissued check. If you do not cash your check within such applicable 1-year period (or within the additional 90-day period for a reissued check), any unpaid amounts will be paid to Nationalities Service Center, subject to the Court's approval.

**It is your responsibility to keep a current address on file with the Class Counsel to ensure receipt of your monetary Settlement Award.  If you change addresses, please be sure to contact Class Counsel.**

| **4.** | **What Are My Rights?** |
|---|---|

- If you do not exclude yourself from the Settlement, then you will **automatically** receive a settlement check if the Court grants final approval to the Settlement.

- If you are a member of the Settlement Class and do not wish to be bound by the Settlement, and do not wish to receive a payment, you must submit a written exclusion from the

Settlement ("opt-out"), postmarked by [INSERT DATE].  The written request for exclusion must contain your full name, address, telephone number, email address (if applicable) and must be signed individually by you.  No opt-out request may be made on behalf of a group.  The opt-out request must be sent by mail to Class Counsel at: Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103.  **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

- If you received this Notice and wish to object to the Settlement, you must submit an objection stating the factual and legal grounds for your objection to the settlement.  Your objection must state your full name, address, telephone number, and email address (if applicable), and must be signed by you.  Any objection must be mailed to:

| | |
|---|---|
| Sarah R. Schalman-Bergen | Vlad Tinovsky |
| Camille Fundora | **TINOVSKY LAW FIRM** |
| **BERGER & MONTAGUE, P.C.** | Five Neshaminy Interplex |
| 1622 Locust Street | Suite 205 |
| Philadelphia, Philadelphia 19103 | Trevose, PA 19053 |

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the Parties to the Lawsuit.  Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Golden Age's Counsel on or before the Notice Deadline.  If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  The postmark date of mailing to Class Counsel and Golden Age's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.

If the proposed Settlement is approved by the Court at the Final Approval Hearing, and you do not exclude yourself from the Settlement, the Court will enter an order that will release all your claims for alleged unpaid wages, overtime compensation, travel time compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under Pennsylvania wage and hour laws, or Pennsylvania common law claims (including unjust enrichment or quantum meruit) from March 17, 2014 to April 1, 2017 in weeks when the individual worked for Defendant as a Home Health Aide.  If you cash your check, you will also release your federal Fair Labor Standards Act claims.

| **5.** | **Can Defendant Retaliate Against Me for Participating in this Lawsuit?** |
|---|---|

No.  If you are a current employee of Golden Age, your decision as to whether or not to participate in this Lawsuit will in no way affect your employment with Golden Age.  In fact, Golden Age encourages you to participate in the settlement and to cash your settlement check. It is illegal for Golden Age to take any adverse employment action against you as a result of your participating in

this Lawsuit.

| 6. | Who Are the Attorneys Representing Plaintiff and the Settlement Class? |
|---|---|

Plaintiff and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Sarah R. Schalman-Bergen
Camille Fundora
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3033
Facsimile: (215) 875-4604
Email: cfundora@bm.net
Website: www.bergermontague.com

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Class Counsel will be paid from the gross settlement amount of $725,000.00.  You do not have to pay the attorneys who represent the Settlement Class.  The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the gross settlement amount ($241,666.67) plus their out-of-pocket costs, which are presently approximately $1,200. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court.  The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

# **EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **MODESTINE SMITH THORPE,** | : | **CASE NO.: 2:16-CV-02602-TR** |
| **individually and on behalf of all persons** | : | |
| **similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GOLDEN AGE HOME CARE, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>SETTLEMENT AWARD CHECK</u>

TO:  [Class  Member Name]
      [Address]
      [Address]
      [Last Four Digits of Social Security No.]

You previously received a notice that you had been identified as a Class Member who is eligible to receive a Settlement Award in this case. On [DATE], the United States District Court for the Eastern District of Pennsylvania approved the Settlement in this case.

**Your Settlement Award check is enclosed. Please note that your check will automatically expire on [DATE]. This period may be extended for an additional ninety (90) days if you were reissued a check due its loss, theft, damage, destruction or becoming stale. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.**

Please contact the Settlement Administrator at the contact information below or Class Counsel's, Berger & Montague, P.C., at (215) 875-3033 or cfundora@bm.net with any questions or concerns.  Thank you.

XXX
[INSERT ADDRESS]
[INSERT TELEPHONE NUMBER]
[INSERT EMAIL]