**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MODESTINE SMITH THORPE,** individually and on behalf of all persons similarly situated, | Civil Action No.: 2:17-cv-01187-TR |
| Plaintiff, | Class and Collective Action |
| v. | |
| **GOLDEN AGE HOME CARE, INC.,** | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS**

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel for Plaintiff Modestine Smith Thorpe ("Plaintiff"), on behalf of herself and on all others similarly situated, respectfully seeks reimbursement for attorneys' fees in the amount of Two Hundred Forty-One Thousand, Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($241,666.67), which is one-third of the Gross Settlement Amount, and the payment of out-of-pocket costs incurred by Class Counsel, which currently are $1,697.98, as established by the Settlement Agreement between Plaintiff and Defendant Golden Age Home Care, Inc. ("Defendant").

This is a wage and hour case alleging a violation of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state laws.  Specifically, Plaintiff alleges that she and other Home Health Aides routinely worked over forty (40) hours per week but that Defendant failed to properly pay them overtime premiums for their hours worked in excess of forty hours. As well, Plaintiff alleges the she and other Home Health Aides routinely were not paid for travel time between clients.

Following the substantial exchange of informal discovery, including electronic payroll records showing days worked and all forms of compensation received by the Plaintiff and Class Members during the relevant time period; pre-mediation conference calls; preparation and exchange of damages analyses; extensive arm's-length settlement negotiations, and four in-person settlement conferences in Philadelphia, Pennsylvania before U.S. Magistrate Timothy R. Rice, the Parties entered into a Settlement Agreement to resolve this action.  The Settlement includes a gross cash payment of Seven Hundred Twenty-Five Thousand Dollars and Zero Cents ($725,000.00) (the "Gross Settlement Amount"), excluding the employer's share of applicable FICA and FUTA payroll taxes.  ***None of the funds from the Gross Settlement Amount will revert to Defendant.*** *See* Settlement Agreement ¶ 25, Dkt. No. 32-2. This Gross Settlement Amount is fair, reasonable and extremely beneficial to the members of the Settlement Class.

Members of the Settlement Class will release "any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the Complaint based on the facts alleged for alleged unpaid wages, overtime compensation, travel time compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, Pennsylvania wage and hour laws, or Pennsylvania common law claims (including unjust enrichment or *quantum meruit*) from March 17, 2014 to April 1, 2017." *Id.* at ¶ 10(r).

The Settlement is fair, reasonable and extremely beneficial to the members of the Settlement Classes.  The Court entered an Order preliminarily approving the Settlement Agreement on June 1, 2018. (Dkt. No. 34.)  The Settlement Agreement offers the Settlement Classes significant advantages over continued prosecution of their case against Defendant: members of the Settlement Classes will receive significant financial compensation and will avoid

the risks inherent in the continued prosecution of this case, in which Defendant asserts various defenses to its liability.

Class Counsel now seek as their reasonable attorneys' fees Two Hundred Forty-One Thousand, Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($241,666.67), and the payment of out-of-pocket costs incurred by Class Counsel, which are currently $1,697.98.  These amounts will compensate Class Counsel for work already performed in this case and for all of the work remaining to be performed in this case, including making sure that the Settlement is fairly administered and implemented and obtaining dismissal of the action.

Class Counsel's request is appropriate, given their efforts in litigating this case and successfully negotiating a class-wide Settlement that greatly benefits the Settlement Class Members.  The requested attorneys' fees are also in line with Third Circuit precedent for attorneys' fees in similar cases.  Pursuant to the terms of the Settlement Agreement, Defendant does not oppose this Motion.

## II.     LEGAL ARGUMENT

### A.     The Fee Shifting Provisions of the Pennsylvania Wage Law Provide For The Award of Attorneys' Fees

A Plaintiff in a Pennsylvania wage and hour case may recover their attorneys' fees and expenses under the statute's fee-shifting provision.  *See* 43 P.S. § 333.113 ("worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court…"); 43 P.S. § 260.9a(f) ("The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."); *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 151 (Pa. 1997) (award of attorneys' fees to a prevailing employee in WPCL action is mandatory, and

promotes the statute's purpose to protect employees).

Under Third Circuit law, a Court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach; and (2) the percentage of the recovery approach. *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 540 (3d Cir. 2009); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006). Under the common fund doctrine, "a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *In re Cendant Corp.*, 404 F.3d at 187 (citation omitted). When calculating attorneys' fees in such cases, the percentage-of-recovery method is generally favored. *In re Diet Drugs*, 582 F.3d at 540 (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998)).

In determining what constitutes a reasonable percentage fee award in the Third Circuit, a district court must consider ten factors: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Plaintiff's counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of Settlement. *In re Diet Drugs*. 582 F.3d at 541 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000) and *In re Prudential,* 148 F.3d at 342).

4

These factors support approval of the requested fee and are discussed below.

### B. The Size Of The Fund Created And The Number Of Beneficiaries, As Well As The Value Of The Benefits Supports The Requested Fee

As a general rule, the appropriate percentage awarded to class counsel decreases as the size of the fund increases. *See Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905, 09-124, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (citing *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 736 (3d Cir. 2002)). The inverse relationship is predicated on the belief that increases in recovery are usually a result of the size of the class and not a result of the efforts of counsel. *Id.* (citations omitted).

The Settlement achieved in this case, while substantial, does not create a "mega-fund." *Id.*; *see also In re Cendant Corp. Prides Litig.*, 243 F.3d at 736–37. Moreover, the results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. Here, the Settlement provides for an entirely **non-reversionary** Net Settlement Fund. *See* Settlement Agreement ¶ 26. There is no claims process, and a Settlement Class Member need not take any action in order to receive a settlement award. Specifically, all Eligible Class Members will receive a *pro rata* share of the Net Settlement based on the total potential damages for the respective Settlement Class Member when he/she worked for Defendant as a Home Health Aide and where the records indicated that the employee worked more than forty hours in one or more workweeks between March 17, 2014 and April 1, 2017. *See* Declaration of Schalman-Bergen ("Schalman-Bergen Decl.") ¶¶ 11-12; Settlement Agreement ¶¶ 20(a)-(b). ***The Gross Settlement Amount represents more than 100% of the unliquidated, unpaid overtime wages that Plaintiff calculated were owed to Settlement Class Members using a half time rate.*** Schalman-Bergen Decl. ¶ 11.

For these reasons, the Settlement creates a substantial benefit for members of the

Settlement Classes.

### C. The Response of Settlement Class Members Supports The Requested Fee

The Angeion Group ("Angeion") was retained as Settlement Administrator to distribute the Settlement Awards and coordinate tax administration. Angeion has agreed to perform administration duties for an amount not to exceed $22,500.00. Notice of the Settlement was distributed on June 22, 2018 to all of the Settlement Class Members in both English, Spanish, Chinese, and Vietnamese via First Class Mail, and e-mail to those whose e-mail addresses were available. The Notice explicitly outlines the allocation of the Gross Settlement Fund and provides instructions for objecting to or seeking exclusion from the Settlement. ***To date, of the 322 Settlement Class Members, none have submitted objections or requests for exclusion from the Settlement***.[1] *Id.* ¶¶ 15-17. Accordingly, this factor supports the reasonableness of the fee award.

### D. The Skill and Efficiency of Class Counsel That Enabled Them to Obtain This Result Supports the Requested Fee

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi v. Champion Mortg.*, No. 05-cv-1238, 2009 WL 1470429, at *11 (D.N.J. May 26, 2009) (internal quotations omitted).

Here, Class Counsel includes attorneys with significant employment law as well as class and collective action experience. *See* Schalman-Bergen Decl. ¶¶ 2-4, Ex. 1. Class Counsel assumed a very real risk in taking on this case. Class Counsel took the case on a contingency basis, and was prepared to invest time, effort, and money over a period of years with no absolutely no

---

[1] The deadline to object or exclude is August 21, 2018.

guarantee of any recovery. *Id.* ¶ 24.

The Settlement reached with Defendant, which involves complex provisions that are specific to the FLSA and Pennsylvania state wage and hour law, is a reflection of Class counsel's experience. This Settlement was reached after (1) the substantial exchange of informal discovery, including electronic payroll records showing days worked and all forms of compensation received by the Plaintiff and Class Members during the relevant time period; (2) multiple conference calls; (3) preparation and exchange of damages analyses; and (4) four in-person settlement conferences before U.S. Magistrate Judge Timothy R. Rice, which included follow-up arm's length negotiations between counsel for the Parties. *Id.* ¶¶ 6-9. The Settlement provides Plaintiff and members of the Settlement Classes with substantial benefits without having to wait for years of drawn out litigation. Accordingly, this factor favors the requested fee.

### E. The Lodestar Cross-Check Supports The Requested Fee

Moreover, the time Class Counsel has expended on this lawsuit provides a reasonable comparison for the fee award. Class Counsel attaches a declaration concerning the time worked on this case, with a description of the work performed and the reasons therefore, along with their hourly billing rates (which are the elements that determine lodestar). *See id.* ¶¶ 18-23.

Class Counsel in this case has collectively spent approximately 214.0 hours prosecuting this litigation, and their current collective lodestar is approximately $88,585.50. *Id.* ¶ 18. This lodestar was calculated using our firm's standard hourly rates, which have been approved by courts around the country, including Courts in this Circuit. *Id.* ¶¶ 20-21; *see also Devlin v. Ferrandino & Son, Inc.*, No. 15-4976, 2016 WL 7178338, at *10 (E.D. Pa. Dec. 9, 2016) (approving Berger & Montague's hourly rates as reasonable and "within the range charged by attorneys with comparable experience levels for litigation of a similar nature."); "*Hively v. Archer Well Co., Inc. et al.*, No. 13-cv-106 (W.D. Pa. Aug. 12, 2014) (approving Berger & Montague's hourly rates)). Class

Counsel's lodestar will increase as they will continue to perform work on this case, due to the need to communicate with Settlement Class Members, oversee the settlement process including two distributions, and attend the Final Approval hearing.  Schalman-Bergen Decl. ¶ 23.

Accordingly, the proposed attorneys' fee award of $241,666.67 represents a multiplier of only 2.73 of Class Counsel's *actual, current lodestar*. *Id.*  This cross-check provides a reasonable comparison, and is far below the range of lodestar multipliers that have been approved by other district courts.  In *Prudential*, the Third Circuit noted, based on a review of common fund cases, "[m]ultipliers ranging from one to four are frequently awarded in common fund cases, when the lodestar method is applied." *In re Prudential*, 148 F.3d at 341; *see also Devlin*, 2016 WL 7178338 at *10 (approving attorneys' fees $516,667.00, which is a lodestar multiplier of 2.32 in wage and hour case); *Rouse v. Comcast Corp.,* No. 14-115, 2015 WL 1725721, at *12-14 (E.D. Pa. Apr. 15, 2015) (approving attorneys' fees equaling 35% of the total settlement fund, which constituted a lodestar multiplier of 2.08 in wage and hour case); *Keller v. TD Bank, N.A.*, No. 12-5054, 2014 WL 5591033, at *16 (E.D. Pa. Nov. 4, 2014) (approving lodestar multiplier "slightly above 3" in FLSA lawsuit); *In re Staples Wage & Hour Emp't Practices Litig.*, 2011 WL 5413221, at *5 (D.N.J. Nov. 4, 2011) (approving lodestar multiplier of 2.75 in FLSA case).[2] Accordingly, Class

---

[2] *See also Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011) (approving multiplier of 5.3 in $14 million wage and hour settlement, and holding "[a] review of the case law indicates that while that figure is toward the high end of acceptable multipliers, it is not atypical for similar fee-award cases"); *Zeltser v. Merrill Lynch & Co.*, No. 13 CIV. 1531 FM, 2014 WL 4816134, at *10 (S.D.N.Y. Sept. 23, 2014) (approving 5.1 multiplier in wage and hour settlement and noting "[w]hile this multiplier is near the higher end of the range of multipliers that courts have allowed, this should not result in penalizing Plaintiffs' counsel for achieving an early settlement, particular where, as here, the settlement amount is substantial"); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *11 (S.D.N.Y. Oct. 2, 2013) (approximately 7.6 multiplier); *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, No. 05 Civ. 11148, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) (approximately 8.3 multiplier); *In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (approximately 6.96

Counsel's lodestar supports the requested fee.

### F. The Awards In Similar Cases Supports The Requested Fee

The requested fee is also consistent with awards in similar cases. The Third Circuit has noted that fee awards generally range from 19% to 45% of the Settlement fund when the percentage-of-recovery method is utilized to assess the reasonableness of requested attorneys' fees. *See Brumley v. Camin Cargo Control, Inc.*, Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *12 (D.N.J. Mar. 26, 2012) (approving fee of one-third of the common fund and citing *In re Gen. Motors Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995)). In the Third Circuit, "the percentage of the recovery award in FLSA common fund cases ranges from roughly 20–45%." *Mabry v. Hildebrandt, d/b/a Phila. Auto Body*, No. 14–5525, 2015 WL 5025810, *4 (E.D. Pa. Aug. 24, 2015) (citing cases).

Here, Class Counsel's request for one-third (1/3) of the Gross Settlement Fund is consistent with the norms of wage and hour class and collective litigation in this Circuit and across the country. *See id.* ("[A] benchmark of one-third of the settlement fund is often appropriate to prevent a windfall to counsel.") Courts around the country have "routinely awarded one-third or more of the settlement fund as attorneys' fees in wage and hour cases." *See Henry v. Little Mint, Inc.*, No. 12-cv-3966, 2014 WL 2199427, *15 (S.D.N.Y. May 23, 2014) (noting that request for fees was "in line with decisions from across the country that have awarded one-third or more in wage-and-hour settlements" and citing cases).

This Court and District Courts in this Circuit also routinely approve requests for fees in the amount of approximately one-third of the settlement fund. *See, e.g., Tompkins v. Farmers Ins. Exch.*, No. 5:14-cv-3737, 2017 WL 4284114, at *10 (E.D. Pa. Sept. 27, 2017) (approving

---

multiplier); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002) (listing nationwide settlements with multipliers up to 19.6).

attorneys' fees equaling 35% of the common fund); *Rouse*, 2015 WL 1725721, at *14, (E.D. Pa. Apr. 15, 2015) (same); *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at *6 (E.D. Pa. June 4, 2014) (awarding attorneys' fees which represent 32.7% of the settlement fund); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) (concluding "that an award of one-third of the Settlement fund is reasonable in consideration of other courts' awards"); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 WL 4018205, at *10 (E.D. Pa. Sept. 9, 2011) (noting that study of class action fee awards within the Third Circuit found that average attorney's fees percentage in such cases was 31.71% and median award was 33.3%); *see also Dunkel v. Warrior Energy Servs., Inc.*, No. 2:13-cv-695-MRH (W.D. Pa. Apr. 18, 2016) (approving a requested fee award of one third of the total settlement amount to the same Class Counsel here in a wage and hour settlement); *Niver v. Specialty Oilfield Sol., Ltd.*, No. 14-cv-1599 (W.D. Pa. Oct. 7, 2015) (approving fee award of 33.33% of the total settlement amount to class counsel in wage and hour settlement); *Stivers v. Office Depot*, No. 12-cv-1534 (W.D. Pa. Sept. 19, 2013) (same); *Caudell v. RDL Energy Servs., LP*, No. 2:11-cv-01523-JFC (W.D. Pa. Jul. 30, 2012) (same); *Bearden v. Precision Air Drilling Servs., Inc.*, No. 2:11-cv-01511-NBF (W.D. Pa. Sept. 26, 2012) (same); *Thomas v. Allis-Chalmers*, No. 2:10-cv-01591-RCM (W.D. Pa. Sept. 11, 2012) (same); *Bredbenner*, 2011 WL 1344745 (approving an award of 32.6% of the Settlement fund); *Erie Cty. Retirees Assoc. v. Cty. of Erie, Pa.*, 192 F. Supp. 2d 369, 382-83 (W.D. Pa. 2002) (38% of common fund awarded as fees in ADEA collective action case brought pursuant to 29 U.S.C. §216(b)). Request of attorneys' fees of one-third of the Settlement fund also comports with privately negotiated contingent fees negotiated on the open market. *See Bredbenner*, 2011 WL 1344745, at *21.

Accordingly the fees approved in similar cases further support the requested fee here.

### G. Class Counsel's Costs Should Be Approved

In addition to being entitled to reasonable attorneys' fees, the Pennsylvania wage and hour law provides for the reimbursement of costs. *See* 43 P.S. § 333.113 ("worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court…"). Here, Class Counsel's current costs total $1,697.98.

Class Counsel's costs include reasonable out-of-pocket expenditures. *See Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (finding expenses such as "(1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies, (5) messengers and express service, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing, court and witness fees, (9) overtime and temp work, (10) postage, (11) the cost of hiring a mediator, and (12) NJ Client Protection Fund *pro hac vice*." to be reasonable).

The expenses incurred in this litigation to date are described in the accompanying declaration of the law firms involved in this litigation. *See* Schalman-Bergen Decl. ¶ 26. The expenses are of the type typically billed by attorneys to paying clients in the marketplace and include such costs as mediation fees, court costs, copying fees, delivery costs (including costs for printing and sending claim forms to Settlement class members), and computerized legal research.

All of these expenses were reasonable and necessary for the successful prosecution of this case, and pursuant to the terms of the Settlement Agreement, Defendant does not object to the request for costs.

### III. CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests that this Court approve the award of attorneys' fees to Class Counsel in the amount of $241,666.67, and approve reimbursement of costs to Class Counsel, currently in the amount of $1,697.98. Plaintiff will

submit a proposed order in connection with her Motion for Final Approval prior to the Court's Final Fairness Hearing scheduled for September 28, 2018.

Dated: August 6, 2018                                    Respectfully submitted,

/s/ Sarah R. Schalman-Bergen
Shanon J. Carson
Sarah R. Schalman-Bergen
Camille Fundora
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
cfundora@bm.net

*Attorneys for the Plaintiff and the Settlement Class*